IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                   ) | CRIMINAL NO. 11-0364-WS |
| ) | |
| RODERICK BERNARD MYLES,          ) | |
| ) | |
| Defendant.                                    ) | |

## ORDER

The defendant has filed a motion "seeking house arrest for the remainder of my sentence." (Doc. 45). The basis of the motion is the defendant's concern about contracting COVID-19.

Home confinement is governed by statute, specifically, 18 U.S.C. § 3624(c)(2).[1] Section 3624(c) commits to the Bureau of Prisons ("BOP") the decision where an inmate should spend the final months of his sentence. The CARES Act enlarges the amount of time a prisoner may spend in home confinement,[2] but it does not alter the provision making BOP the body to make such determinations.[3] The defendant's recourse is thus to seek relief internally.

Some defendants reacting to COVID-19 have sought home confinement through the "compassionate release" mechanism of 18 U.S.C. § 3582(c)(1)(A). The defendant

---

[1] Home detention is also possible pursuant to 34 U.S.C. § 60541(g), but only for inmates that are terminally ill or at least 60 years old. The defendant is neither.

[2] Section 3624(c)(2) limits home confinement to the final ten percent of a defendant's sentence, or to six months, whichever is less. Section 12003(b) of the CARES Act provides that, upon an appropriate finding by the Attorney General, "the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of 3624(c)(2) …, as the Director determines appropriate." The Attorney General has made the required finding.

[3] *E.g., United States v. Saxon*, 2020 WL 2617131 at *1 (S.D. Ga. 2020); *United States v. Alvarez*, 2020 WL 2572519 at *2-3 (S.D. Fla. 2020); *United States v. Dison*, 2020 WL 2564677 at *5 (S.D. Ala. 2020); *United States v. Phillips*, 2020 WL 2219855 at *6 (M.D. Fla. 2020); *United States v. Daniels*, 2020 WL 1938973 at *1-2 (N.D. Ala. 2020).

does not invoke this provision, and he could not obtain relief even had he invoked it. Before a prisoner may seek compassionate release through the judicial system, the statute requires that he first seek relief through the prison system, and the defendant does not assert that he has done so.

For the reasons set forth above, the defendant's motion is **denied**, without prejudice to his ability to seek relief in an appropriate manner.

DONE and ORDERED this 27th day of May, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE